IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA WOOLRIDGE,

    Plaintiff,                    No. CIV S-09-0734 GGH P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendant.                ORDER &
                                              FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a state prisoner, proceeding pro se, who seeks relief pursuant to 42 U.S.C. § 1983.  By Order, filed on April 30, 2009, plaintiff's amended complaint was dismissed with leave to file a second amended complaint.  Plaintiff has filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15  v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at
16  570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
17  that allows the court to draw the reasonable inference that the defendant is liable for the
18  misconduct alleged." Id.

19  In reviewing a complaint under this standard, the court must accept as true the
20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23  1843 (1969).

24  Plaintiff's second amended complaint is nearly identical to the previous two
25  complaints and fails to correct their deficiencies.  Plaintiff alleges that he is not affiliated with a
26  gang but was placed in a gang member housing unit upon his transfer to the California

Correctional Center. Plaintiff contends that during a unit classification committee hearing where he requested to be moved to different housing, the committee denied his request. Plaintiff names as defendants in this action, the members of that committee, Mussen, Roman, Fiegner and Hurt. Plaintiff alleges he was later assaulted and robbed by other inmates in the gang member housing unit. Other than stating that defendants are on the classification committee, plaintiff makes no other allegations against the defendants and provides no additional details regarding their involvement.

While correctional officials are required to protect inmates, there are limits of district court review in analyzing day to day operations at prisons. Plaintiff's only evidence in support of his allegations is that the unit classification committee denied his request. Plaintiff has no right to particular housing nor should the district court review each routine prison decision without sufficient allegations. Plaintiff was given several opportunities to plead additional facts but has failed to do so. Plaintiff's only allegations are that the committee denied his transfer during a routine hearing for a routine request. Plaintiff's claims do not demonstrate any deliberate indifference on behalf of the committee members.

Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994). However, an inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Rather, to state a claim for threats to safety or failure to protect, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834. To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.

Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837.  Plaintiff has failed to plead sufficient facts.

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff has also failed to link any of the defendants to the alleged deprivation.

Plaintiff also states a deliberate indifference medical claim after being assaulted in his housing unit.  Plaintiff contends that his finger was injured and Lt. Hainline waited four (4) hours before summoning medical help.  Plaintiff suffered one broken finger as a result of the assault.  Plaintiff has failed to demonstrate that a four hour delay to treat a broken finger qualifies as ignoring a serious medical need, and the court finds that such a claim is not legally plausible.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,

4

501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

Plaintiff's complaint should be dismissed.

IT IS HEREBY ORDERED that the Clerk of the Court assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed and this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

ggh: ab  
wool0734.dis